UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CHRISTIAN WALLER,

                           Plaintiff,

       -against-

CITY OF NEW YORK, KURWIN KLEIN, AND JOHN
OR JANE DOE 1-10,

                           Defendants.

-----------------------------------------------------------------------X

                                    **COMPLAINT**

                                    **Demand for Trial by Jury**

Plaintiff, CHRISTIAN WALLER, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, City of New York, Kurwin Klein, and John or Jane Doe 1-10, alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 for the violation of his civil rights protected by the Fourth, Sixth and Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of New York.

2.     These claims arise from a January 10, 2019 incident in which Defendants, acting under color of state law, unlawfully stopped, then falsely arrested and detained Plaintiff without a valid warrant, reasonable suspicion or probable cause to do so. Plaintiff was subsequently charged with allegedly possessing a forged license plate.  As a result, Plaintiff was wrongfully incarcerated for approximately twenty-seven (27) hours. He was thereafter maliciously prosecuted, until the unconditional dismissal of all charges on February 6, 2019.

3.     The above referenced acts caused Plaintiff to be deprived of his liberty, denied the due process of the laws and to sustain various emotional and physical injuries.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5.      This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, Christian Waller ("Plaintiff"), resides at 785 Schenck Avenue, in Bronx County, within the City and State of New York.

9.      The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

11.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendant, KURWIN KLIEN ("KLEIN") was, at all relevant times herein, police officer employed by the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.  Defendant KLIEN was, at all relevant times herein, believed to be assigned to the NYPD's 26th Precinct under Shield No. 6452. Defendant KLIEN is being sued in his individual and official capacity.

13.     At all relevant times, Defendants, John or Jane Doe 1-10, were police officers, detectives, supervisors, policy makers or officials employed by the NYPD.  At this time, Plaintiff does not know the true names or tax registry numbers of Defendants John or Jane Doe 1-10, but believes such knowledge is within possession of the Defendants.

14.     At all relevant times herein, Defendants, including KLIEN and John or Jane Doe 1-10 were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants, including KLIEN and John or Jane Doe 1-10 are being sued in their individual and official capacities.

15.     At all relevant times herein, Defendants, including KLIEN and John or Jane Doe 1-10, were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16.     Plaintiff has timely filed an application with the Supreme Court of the State of New York, New York County, on September 11, 2019, requesting leave to serve a late notice of claim upon Defendant, City of New York which was granted on October 23, 2019 by Hon. Lyle E. Frank.

## FACTUAL CHARGES

17.     On January 10, 2019 at approximately 10:00 P.M., Plaintiff was in the vicinity of East 105th Street and 3rd Avenue, in the County of New York, State of New York.

18.     On said date, time and location, Defendants, including KLIEN and John or Jane Doe 1-10, illegally stopped, searched and seized the Plaintiff at said location.

19.     Defendants, including KLIEN and John or Jane Doe 1-10, did not have an arrest warrant for Plaintiff.

20.     Defendants, including KLIEN and John or Jane Doe 1-10, did not provide full and truthful facts, regarding the likely presence of forged license plate to the District Attorney's Office or the Presiding Judge to justify the issuing of a valid search warrant.

21.     Defendants, including KLIEN and John or Jane Doe 1-10, intentionally provided said false or fabricated information that would be likely to influence a prosecutor employed by the District Attorney's Office to wrongfully prosecute the Plaintiff, namely that Plaintiff was observed to be arrested and searched, so that a criminal prosecution would be initiated against Plaintiff.

22.     Defendants, including KLIEN and John or Jane Doe 1-10, fabricated the fact that illicit items were recovered at all or the locations where said items were recovered, so that they could falsely implicate Plaintiff of various crimes that Defendants knew him to be innocent of.

23.     Defendants, including KLIEN and John or Jane Doe 1-10, searched said location with the intentions of finding a forged license plate on Plaintiff but however, failed to find anything illegal on his person or his reach.

24.     Plaintiff was not in actual, constructive, or statutory possession of an illegal license plate and had not committed any crime or violation of the law.

25.     Plaintiff offered on multiple occasions during the subject incident to provide proof that the car plate in question was legally provided by the car dealer but Defendants rejected this offer.

26.     Plaintiff had multiple assaults and batteries, committed to his person, by Defendants, including KLIEN and John or Jane Doe 1-10, including but not limited to, being placed in handcuffs too tightly.

27.     Defendants, including KLIEN and John or Jane Doe 1-10, falsely claimed they found forged license plate, despite being fully aware that no such event or occurrence ever transpired.

28.     At no time did Plaintiff possess any forged license plate.

29.     Plaintiff offered on multiple occasions during the subject incident to provide proof that the car plate in question was legally provided by the car dealer but Defendants rejected this offer.

30.     Defendants', including KLIEN and John or Jane Doe 1-10, knowingly and intentionally made false statements and allegations against the Plaintiff and thus, Plaintiff was falsely arrested and charged with possession of forged license plate that Defendants knew to be false since Plaintiff was not in criminal possession of any forged license plate.

31.     Defendants, including KLIEN and John or Jane Doe 1-10, were fully aware that Plaintiff did not have any illegal license plate on his person or in his possession, but Defendants, including KLIEN and John or Jane Doe 1-10, knowingly and intentionally fabricated said observation to justify an otherwise invalid arrest and to ensure that Plaintiff was maliciously prosecuted.

32.     Defendants, including KLIEN and John or Jane Doe 1-10, ensured that Plaintiff would be falsely inculpated by fabricating the locations in which the illicit forged license plate was discovered.

33.     Plaintiff was rear handcuffed by Defendants, including KLIEN and John or Jane Doe 1-10, and placed in a NYPD vehicle to be transported to NYPD 23rd precinct.

34.     Upon arrival at said location or while Plaintiff remained detained at the NYPD precinct, he was illegally searched, including a strip-search with cavity inspection, questioned, photographed and fingerprinted by, or at the direction of Defendants, including KLIEN and John or Jane Doe 1-10.

35.     Defendant KLEIN was Plaintiff's arresting officer and signed his criminal court complaint under Criminal Docket #2019NY002106, knowingly and falsely accusing Plaintiff of Criminal Possession of a Forged Instrument in the second degree and other related charges, all of which Defendant KLIEN knew to be untrue.

36.     Plaintiff was arraigned and formally charged with one (1) count of Criminal Possession of a Forged Instrument in the second degree.

37.     At no point did the Defendants, including KLIEN and John or Jane Doe 1-10, ever observe Plaintiff possessed forged license plate.

38.     At no point were the Defendants, including KLIEN and John or Jane Doe 1-10, ever told by any witnesses that Plaintiff committed any crime or violation of the law.

39.     After his arraignment, Plaintiff was transferred to New York City Police Department, where he was unlawfully detained until his eventual release on, or about, January 11, 2019.

40.     Plaintiff was compelled to return to court, multiple times, to contest the false charges levied against him, including Criminal Possession of a Forged Instrument in the second degree.

41.     On February 6, 2019, all charges against Plaintiff were unconditionally dismissed by Hon. L. Peterson, pursuant to CPL § 160.50, constituting a termination of the criminal charges in Plaintiff's favor.

42.     Defendants, including KLIEN and John or Jane Doe 1-10, did not possess a valid, judicially authorized arrest warrant for Plaintiff.

43.     Defendants, including KLIEN and John or Jane Doe 1-10 did not possess probable cause or other justification for the arrest or seizure of Plaintiff's person.

44.     Defendants, including KLIEN and John or Jane Doe 1-10, never possessed probable cause to believe a prosecution would succeed against Plaintiff, or that Plaintiff was guilty of any crime, as Defendant KLIEN was fully aware that any evidence against Plaintiff was either fraudulent or fabricated, including the observation provided by Defendant KLEIN, in which Plaintiff falsely accused of possessing forged license plate of said location.

45.     While Plaintiff was unlawfully detained, Defendants, including KLIEN and John or Jane Doe 1-10, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for Criminal Possession of a Forged Instrument in the second degree.

46.     Defendants, including KLIEN and John or Jane Doe 1-10, intentionally, knowingly and falsely made said allegations to conceal their otherwise illegal, tortious and sinister acts, namely entering a residence illegally without a search warrant, arresting an individual without probable cause.

47.     Defendants, including KLIEN and John or Jane Doe 1-10, suppressed evidence and engaged in conduct undertaken in bad faith, including the fabrication of false evidence against Plaintiff.

48.     At all times relevant hereto, Defendants, including KLIEN and John or Jane Doe 1-10, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause to effectuate his arrest.

49.     At all times relevant hereto, Defendants, including KLIEN and John or Jane Doe 1-10, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when Defendants KLIEN observed others doing so, all in furtherance of Plaintiff's wrongful arrest and subsequent malicious criminal prosecution.

50.     Plaintiff asserts that the Defendants, including KLIEN and John or Jane Doe 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD, and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD, and City of New York or, at the very least, conclusive evidence that the City, NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers.

51.     The individually named Defendants herein, as well as other officers serving in the employ of the NYPD, and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

52.     *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest

evidence and witnesses. Incorporated by reference herein are various articles and reports detailing the magnitude and overwhelming prevalence of incidents, in which NYPD officers were caught lying, including instances that resulted in the arrest and imprisonment of innocent people. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via some incontrovertible form of evidence.

53.     On March 18, 2018, *The New York Times* published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr. Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. Due to the rarity availability of this type of evidence, an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is further handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

54.     On September 12, 2019, *The New York Times* published another article by Joseph Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of

marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana. It should not require an article in *The New York Times* to call attention to such patently disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and the increasing rate of occurrence.

55.     On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

56.     Other articles include: (i) "Testifying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came From the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

57.    The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

58.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiff's arrest without probable cause.

59.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

60.    Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without

the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

61.    Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

62.    Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

63.    Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including  KLIEN and John or Jane Doe 1-10.

64.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

65.     The aforementioned acts of Defendants, including the KLIEN and directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

66.     As direct or proximate results of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

67.     The above paragraphs are here incorporated by reference as though fully set forth.

68.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

69.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

70.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

71.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

72.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

73.     Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

74.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

75.     The above paragraphs are here incorporated by reference as though fully set forth.

76.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

77.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

78.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

79.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

80.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

81.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

82.     The above paragraphs are here incorporated by reference as though fully set forth.

83.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

84.     Plaintiff was conscious of his confinement.

85.     Plaintiff did not consent to his confinement.

86.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

87.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

89.     The above paragraphs are here incorporated by reference as though fully set forth.

90.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

91.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

92.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

93.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFITH CAUSE OF ACTION
Assault and Battery Under
New York State Law

94.     The above paragraphs are here incorporated by reference as though fully set forth.

95.     Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

96.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

97.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

98.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

99.     The above paragraphs are here incorporated by reference as though fully set forth.

100.    The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

101.    Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

102.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

103.    The above paragraphs are here incorporated by reference as though fully set forth.

104.    Defendants initiated the prosecution against Plaintiff.

105.    Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

106.    Defendants acted with malice, which may be inferred in the absence of probable cause.

107.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

108.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

109.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

110.    The above paragraphs are here incorporated by reference as though fully set forth.

111.    Defendants initiated the prosecution against Plaintiff.

112.    Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

113.    Defendants acted with malice, which may be inferred in the absence of probable cause.

114.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

115.    Accordingly, Defendants violated Plaintiff's Fourteenth Amendment rights.

116.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

117.    The above paragraphs are here incorporated by reference as though fully set forth.

118.    Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

119.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

120.    Defendants intended to inflict substantial harm upon Plaintiff.

121.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

122.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

123.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

124.    The above paragraphs are here incorporated by reference as though fully set forth.

125.    Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

126.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

127.    Defendants intended to inflict substantial harm upon Plaintiff.

128.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

129.    Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without the due process of law.

130.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
### Denial of Right to Fair Trial Under
### New York State Law

131.    The above paragraphs are here incorporated by reference as though fully set forth herein.

132.     Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

133.    Defendants forwarded said false information to the District Attorney's Office.

134.    Defendants' actions caused undue post-arraignment restrictions to be imposed on his liberty and freedom of movement.

135.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution, Article I, Sections 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

136.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

137.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

138.    The above paragraphs are here incorporated by reference as though fully set forth.

139.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision and forwarded said false information to the New York County District Attorney's Office.

140.    Defendants' actions deprived Plaintiff of his right to a fair trial and caused post-arraignment restrictions to be imposed on his liberty and freedom of movement.

141.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution

142.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

143.    The above paragraphs are here incorporated by reference as though fully set forth herein.

144.    Plaintiff, as a African-American male, is a member of a racial minority and protected class.

145.    Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity.

146.    Defendants also engaged in the selective of Plaintiff, in comparison to others similarly

situated.

147.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

148.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

149.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

150.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

151.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

152.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

153.    The above paragraphs are here incorporated by reference as though fully set forth herein.

154.    Plaintiff, as a African-American male, is a member of a racial minority and protected class.

155.    Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

156.    Defendants also selectively treated Plaintiff in comparison to others similarly situated.

157.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

158.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

159.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

160.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

161.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1981, 1983, 1985 and 1986 Against Individual Defendants

162.    The above paragraphs are here incorporated by reference as though fully set forth herein.

163.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws.

164.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

165.    Plaintiff sustained injuries to his person or was deprived of rights or privileges of citizens of the United States.

166.    Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus.

167.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or being committed, possessed the power to prevent or aid, and neglected to do so.

168.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

169.    The above paragraphs are here incorporated by reference as though fully set forth herein.

170.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

171.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

172.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTHCAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

173.    The above paragraphs are here incorporated by reference as though fully set forth herein.

174.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

175.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

176.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

177.    The above paragraphs are here incorporated by reference as though fully set forth.

178.    Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

179.    Defendant City breached those duties of care.

180.    Defendant City placed Defendants in a position where they could inflict foreseeable harm.

181.    Defendant City knew or should have known of its employee Defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

182.    Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

183.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINETEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

184.    The above paragraphs are here incorporated by reference as though fully set forth.

185.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

186.    Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

187.    Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with defendant City's employees.

188.   Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant City and its policymakers toward the rights of individuals, who may come into contact with defendant City's employees.

189.   Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

190.   Defendant City's conduct caused the violation of Plaintiff's civil rights, pursuant to Constitution of the United States.

191.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 11, 2021

Respectfully submitted,


_S/ Sameer Nath_____
Sameer Nath, Esq.
Bar Number: 5403662
Sim & DePaola, LLP
*Attorneys for Plaintiff*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
snath@simdepaola.com