**MEMO ENDORSED**



MURIEL GOODE-TRUFANT
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

INNA SHAPOVALOVA
*Senior Counsel*
Phone: (212) 356-2656
Fax: (212) 356-3509
Email: inshapov@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-29-25

January 24, 2025

**BY ECF**
Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Christian Waller v. City of New York, et al.,
      21 Civ. 209 (LAK)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendants City of New York and Kurwin Klein ("defendants") in the above-mentioned matter.[1] Defendants write to respectfully request that the Court: (1) reconsider its decision to re-open discovery in this matter; and (2) dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On January 14, 2025, Your Honor ordered the plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. See ECF No. 13. In response, plaintiff's counsel Sameer Nath filed a letter on January 20, 2025 indicating that although he drafted the Complaint, the mediation memo and attended the mediation representing the plaintiff in this case, a more senior attorney in the firm, Samuel DePaola, indicated to him that Mr. DePaola would be handling the remainder of the prosecution following the mediation in this matter. See ECF No. 14. Mr. Nath further requested that the Court re-open discovery. See id. Defendants respectfully submit that plaintiff's January 20, 2025 letter omits relevant communication attempts to which Mr. Nath was privy following the June 2021 mediation and

---

[1] This case has been assigned to Senior Counsel Jonathan Hutchinson, who is awaiting admission to the Southern District. Mr. Hutchinson is handling this matter under my supervision and may be reached at (212) 356-2410 or jhutchin@law.nyc.gov.

1

which are relevant for the Court's consideration of dismissal of this matter for failure to prosecute.

By way of relevant background, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, unlawful search and seizure, false arrest, excessive force, malicious prosecution, failure to intervene, and a claim for municipal liability, stemming from an incident alleged to have occurred on January 10, 2019. On June 15, 2021, the parties attended a mediation conference but were unable to resolve the matter. See ECF No. 12. Thereafter, Senior Counsel Nicolette Pellegrino contacted both Samuel DePaola and Sameer Nath as counsel for plaintiff by e-mail on four separate occasions between February 8, 2022 and February 2, 2023. On each occasion Ms. Pellegrino requested that Mr. DePaola and Mr. Nath respond to her in order for the parties to confer and jointly request discovery deadlines from the Court. Neither Mr. DePaola nor Mr. Nath ever responded to any of Ms. Pellegrino's e-mails. Plaintiff then only appeared in response to Your Honor's Order to Show Cause over three and a half years later.

The plaintiff's failure to take *any* action to prosecute his claims for over three and a half years is grounds for dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Second Circuit has held that a case may be dismissed for a plaintiff's failure to prosecute when "lying dormant with no significant activity to move it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Significant activity includes participating in discovery. Stoute v. Rockefeller Found., 93 Civ. 2628 (SAS), 1995 U.S. Dist. LEXIS 17875, at *1 (S.D.N.Y. Nov. 27, 1995).

In considering a Rule 41(b) dismissal, courts weight five factors: "(1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "Generally, no one factor is dispositive." Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994).

Firstly, the forty-two (42) month period of inactivity in this matter far exceeds periods of inactivity that have justified dismissal in the Second Circuit. See, e.g., Ruzsa v. Rubenstein & Sendy Att'ys at L., 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (characterizing a delay of under eight months as a "delay of significant duration"); Lyell Theatre Corp., 682 F.2d at 43 (delays that are "merely a matter of months" may support dismissal); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (concluding that a six-month delay sufficed for dismissal).

Secondly, despite the defendants' repeated attempts, plaintiff failed to respond to any of the e-mails from Ms. Pellegrino and failed to move forward with this litigation in any way for over three and a half years.

Third, the defendants are likely to be prejudiced by further delay. "Prejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theater Corp., 682 F.2d at 43. As the proceedings become more remote from the alleged incident underlying plaintiff's claims, the defendants' ability to persuasively defend against those claims degrades with the

2

memories of the relevant witnesses. Particularly as in this case, where the delay was over three and a half years.

Fourth, the court must take into consideration judicial economy and alleviating court congestion in a balancing test against the plaintiff's due process rights. Given the primary purpose of Rule 41(b) – to promote the "swift disposition of cases" – the balance between judicial resources and the plaintiff's due process rights should weigh "heavily in favor of the former." Stoute v. Rockefeller Found., 1995 U.S. Dist. LEXIS 17875, at *8.

Fifth, the imposition of lesser sanctions would be unlikely to provide a remedy that would adequately protect the rights of the defendants and further the swift resolution of the case, given the duration of the existing delay. See, e.g., Yan v. Kohler, 91 Civ. 1689 (LAP), 1994 U.S. Dist. LEXIS 1626, at *11 (S.D.N.Y. Feb. 17, 1994) ("Given the duration of the plaintiff's dilatory conduct, and its persistence in the face of efforts by the court and opposing counsel to move the case forward, there is no basis to conclude that sanctions short of dismissal would remedy the situation.").

The Court should appropriately exercise its discretion in dismissing this case for failure to prosecute in the interest of judicial economy, "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

Accordingly, defendants respectfully request that the Court: (1) reconsider its decision to re-open discovery in this matter; and (2) dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

cc: **BY ECF**
Sameer Nath, Esq.
*Attorney for Plaintiff*

*[Handwritten note:]* The Court treats this letter as a motion for reconsideration and to dismiss. Any papers in opposition shall be filed on or before Feb. 11, 2025.

SO ORDERED

LEWIS A. KAPLAN, USDJ
1/29/25

3