

**MEMO ENDORSED**

| MURIEL GOODE-TRUFANT<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JONATHAN HUTCHINSON<br>*Senior Counsel*<br>Phone: (212) 356-2410<br>jhutchin@law.nyc.gov |

August 1, 2025

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/25
```

    Re:  <u>Christian Waller v. City of New York, et al.</u>,
           21 Civ. 209 (LAK)

Your Honor:

       I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants City of New York and Kurwin Klien ("defendants") in the above-referenced matter. The undersigned respectfully writes to request that the Court hold the parties' deadline for the submission of a joint pretrial order in abeyance, in consideration of defendants' pending motion for summary judgment. This is defendants' first such request. Plaintiff's counsel, Sameer Nath, Esq., consents to this request.

       By way of relevant background, on July 22, 2025, defendants requested an extension of time to file their motion for summary judgment, on consent of the plaintiff. See ECF No. 32. On July 25, 2025, the parties jointly requested a corresponding extension of the deadline to submit their joint pretrial order. See ECF No. 33. On July 28, 2025, defendants served and filed their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See ECF Nos. 34-37. On July 29, 2025, the Court granted defendants' request for an extension of time to file their motion for summary judgment as well as the parties' request for an extension of time to file their proposed joint pretrial order. See ECF Nos. 38, 39.

       In light of the defendants' motion for summary judgment, which defendants submit is fully dispositive, defendants request that the Court hold in abeyance the parties' deadline to submit their proposed joint pretrial order until such time that the defendants' motion for summary judgment is adjudicated. Defendants submit that, by granting this request, the Court can conserve resources and contribute to judicial economy, since the joint pretrial order may

need to be amended or may be rendered moot depending on the Court's decision on the defendants' pending motion. By holding the joint pretrial order deadline in abeyance, the Court would allow the parties to fully brief the matters at issue in defendants' motion for summary judgment while limiting the cost to both parties of preparing a proposed order in advance of the Court's decision on the fully dispositive motion.

Accordingly, the undersigned respectfully requests that the Court hold the parties' deadline for the submission of a joint pretrial order in abeyance pending the adjudication of the defendants' motion for summary judgment.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Jonathan Hutchinson*
Jonathan Hutchinson
*Senior Counsel*

cc: **VIA ECF**
Sameer Nath, Esq.
*Attorney for Plaintiff*

The request is denied.

SO ORDERED

_____ 8/4/25
LEWIS A. KAPLAN, USDJ