UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRISTIAN WALLER,

                             Plaintiff,

                                                                        21-cv-209 (LAK)
                 -against-

CITY OF NEW YORK, et al.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___09/10/2025___

**MEMORANDUM OPINION**

                 Appearances:

                             Sameer Nath
                             SIM & ASSOCIATES PLLC
                             *Attorney for Plaintiff*

                             Jonathan Hutchinson
                             MURIEL GOODE-TRUFANT
                             CORPORATION COUNSEL OF THE CITY OF NEW YORK
                             *Attorney for Defendants*

LEWIS A. KAPLAN, *District Judge.*

                 This case arises from plaintiff Christian Waller's arrest in January 2019 for possession of a forged license plate. After Waller's criminal case stemming from the arrest was dismissed, Waller brought this action against Kurwin Klien (the New York Police Department ("NYPD") officer who arrested him), the City of New York, and unnamed NYPD officers. Defendants move for summary judgment dismissing all claims.

### *Facts*[1]

On December 10, 2018, Waller purchased a 2014 Chrysler sedan (the "Vehicle") from a dealer in Brooklyn.  At the time of purchase, the dealer provided Waller with a temporary registration and a temporary license plate, each of which bore an issuance date of December 10, 2018, with a handwritten expiration date approximately 30 days thereafter.[2]  On January 10, 2019, Waller returned to the dealership, where a staff member modified by hand the issuance dates on the temporary registration and the temporary plate to January 10, 2019.  The staff member modified by hand also the expiration dates on the temporary registration and temporary plate.

Later that day, at approximately 9:27 p.m., Waller pulled the Vehicle over near the corner of Third Avenue and East 105th Street, parking it on top of a marked crosswalk extending across Third Avenue.  At the time, the Vehicle had no front license plate and no license plate mounted to rear of the Vehicle in the vicinity of the rear bumper.

While the Vehicle was parked, uniformed NYPD officers approached the Vehicle.  Sergeant Kurwin Klien knocked on the Vehicle window and asked to speak with Waller.  After Klien asked Waller to provide the vehicle registration, Waller provided the temporary registration, which contained the modified issuance and expiration dates.  Klien observed also the temporary

---

[1]    Unless otherwise noted, these facts are undisputed.  *See* Dkts 36; 45.  At summary judgment, the Court draws all reasonable inferences in the light most favorable to the party opposing the motion.  *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995).

[2]    Although plaintiff disputes that the original expiration dates were 30 days after December 10, 2018, he testified that when he retrieved the Vehicle the temporary registration and temporary plate were valid for 30 days. Dkt 35-1 at 43:12–22.  Further, the modified temporary registration and temporary plate appear to bear initial expiration dates of January 10, 2019.  Dkts 35-4; 35-5.

3

license plate in the rear windshield, which contained similar modifications.  While Klien was speaking with Waller, NYPD Officer Michael Laborde opened the passenger-side door and recovered a burnt marihuana cigarette from the floor of the Vehicle under the driver's seat.[3]

Klien subsequently asked Waller to exit the Vehicle and placed Waller under arrest. Following the arrest, Waller was charged with one count of Criminal Possession of a Forged Instrument in the Second Degree.  That charge later was dropped.

On January 11, 2021, Waller brought this suit against Klien, the City of New York, and unnamed NYPD officers.  The complaint contains nineteen total causes of action under 42 U.S.C. § 1983 and New York State law.  Those claims fall into three categories: (1) Arrest-Related Claims (Claims I through VI), (2) Prosecution-Related Claims (Claims VII through X), and (3) Other Claims (Claims XI through XIX).

## *Discussion*

### I.    *Legal Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "When no rational jury could find in favor of the nonmoving party because the evidence to support

---

[3]

Plaintiff "denies that there was a burnt marihuana roach in the car." Dkt 42 at 6.  A field test on the roach was presumptively positive for marihuana. Dkt 35-9.  And in his briefing, plaintiff states that he "does not know how a marihuana roach got into his car . . . ." Dkt 42 at 6.  Accordingly, there is not a genuine issue of fact that there was a marihuana roach in the car.

[4]

Fed. R. Civ. P. 56(a).

4

its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper."[5]

## II.    *Arrest-Related Claims*

The survival of the Arrest-Related Claims turns on whether there was probable cause to arrest Waller.[6]  "An officer has probable cause to arrest when he has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'"[7] "[W]here there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court."[8]  Further, the offense establishing probable cause need not be closed related to or based on the same conduct as the offense identified by the arresting officer at the time of the arrest.[9]

---

[5]
    *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

[6]
    The unlawful search and seizure claims (Claims I and II) are predicated on the alleged lack of probable cause to arrest.  *See* Dkt 42 at 15.  So too the false arrest claims (Claims III and IV).  *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).  The assault and battery and excessive force claims (Claims V and VI) likewise rest on the alleged lack of probable cause to arrest.  See Dkt 42 at 13–15.

[7]
    *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

[8]
    *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007).

[9]
    *See Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).

Here, defendants argue that there was probable cause to arrest Waller for his display of a forged temporary license plate in his rear windshield,[10] his possession of a forged temporary registration for his vehicle,[11] his possession of a marihuana cigarette,[12] his failure to display a front license plate,[13] and his violation of parking in a crosswalk.[14]

Waller does not dispute that defendants had probable cause to arrest him for failure to display a front license plate in violation of New York Vehicle and Traffic Law § 402(1)(a) and for the parking violation of parking in a crosswalk in violation of New York City Traffic Rules and Regulations § 4-08(e)(5).[15] "While it may not be the NYPD's general approach to arrest a driver and take him back to the precinct for minor traffic violations committed in the officers' presence, rather than issue a ticket or summons on site, such an arrest is reasonable under the Fourth Amendment."[16] The probable cause to arrest Waller for these violations alone is sufficient to grant summary judgment to defendants on the Arrest-Related Claims.[17]

---

[10]    Dkt 37 at 6 (citing N.Y. Penal Law §§ 170.20, 170.25).

[11]    *Id.*

[12]    *Id.* (citing N.Y. Penal Law § 221.05).

[13]    *Id.* (citing N.Y. Vehicle and Traffic Law § 402(1)(a)).

[14]    *Id.* (citing N.Y.C. Traffic Rules and Regulations § 4-08(e)(5)).

[15]    Dkt 42 at 9–12; *see also* Dkt 45 at 4 (conceding that the Vehicle had no front license plate and that Waller was parked in a crosswalk)

[16]    *United States v. Fayton*, 697 F. Supp. 3d 179, 191 (S.D.N.Y. 2023).

[17]    *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and

Defendants contend also that there was probable cause to arrest Waller under New York Penal Law § 170.25.  That provision states that "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10."

Waller does not dispute that he was in possession of forged instruments covered by this provision — the modified temporary registration and temporary plate.  Rather, he contends that there was not probable cause to arrest because he told Klien that he was not responsible for the forgery.  At most, this assertion goes to the *mens rea* element of the crime.  "'Police officers have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause.'  This rule exists because 'requiring police officers to investigate exculpatory statements of the accused before making an arrest would be to allow every suspect, guilty or innocent, to avoid arrest simply by claiming it wasn't me.'"[18]

Waller argues that there was not probable cause because "[a] simple search for the temporary tag would have alerted the Defendants that the tag was valid at the time of the stop."[19]  First, this speculative assertion lacks any evidentiary support.  Second, Klien did conduct a search

---

circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.").

[18]   *Toussaint v. Cnty. of Westchester*, 615 F. Supp. 3d 215, 226 (S.D.N.Y. 2022) (quoting *Guerrero v. City of New York*, No. 12-CV-02916, 2013 WL 5913372, at *4 (S.D.N.Y. Nov. 4, 2013)); *see also McGuire v. City of New York*, 142 F. App'x 1, 3 (2d Cir. 2005) ("[W]hen an officer has evidence that a defendant has engaged in conduct proscribed by law . . . he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent . . . .").

[19]   Dkt 42 at 11.

7

in an NYPD database for the temporary plate, and the search results did not show issuance or expiration dates.[20] Third, whether the plate was valid at the time of the stop does not change the fact that Waller was in possession of a forged registration and plate.[21]

Accordingly, there was probable cause to arrest Waller, and defendants are entitled to summary judgment on the Arrest-Related Claims.[22]

## III.    *Prosecution-Related Claims*

Waller brings claims under New York State law and Section 1983 for malicious prosecution (Counts VII and VIII) and malicious abuse of process (Counts IX and X). The Court addresses each in turn.

### A.    *Malicious Prosecution*

"To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause

---

[20]    *See* Dkt 48-1.

[21]    *See* New York Penal Law § 170.00 (defining a forged instrument as "a written instrument which has been falsely made, completed, or altered"); *id.* ("A person 'falsely alters' a written instrument when, without the authority of anyone entitled to grant it, he changes a written instrument, whether it be in complete or incomplete form, by means of erasure, obliteration, deletion, insertion of new matter, transposition of matter, or in any other manner, so that such instrument in its thus altered form appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer."). Waller does not dispute that the dealer lacked authority to modify the expiration dates. *See* New York Vehicle and Traffic Law § 420-a.

[22]    Having found there was probable cause to arrest Waller for multiple offenses, the Court need not reach whether there was probable cause to arrest him for marihuana possession.

to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff."[23]  "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."[24]  "While the probable cause inquiries for false arrest and malicious prosecution are distinct, where . . . probable cause to arrest existed, and [the plaintiff] concedes that defendants did not learn of any intervening facts between arrest and initiation of prosecution to undermine that probable cause, claims of malicious prosecution cannot survive."[25]

Here, Waller was charged with criminal possession of a forged instrument in the second degree under New York Penal Law § 170.25.  For the reasons set forth above, there was probable cause to arrest Waller for this offense, and Waller does not identify any intervening facts between his arrest and the initiation of prosecution undermining that probable cause.[26]

Accordingly, there was probable cause to prosecute Waller, and defendants are entitled to summary judgment on the malicious prosecution claims.

### B.    Abuse of Process

"In New York, a malicious abuse-of-process claim lies against a defendant who (1)

---

[23]

*Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003).

[24]

*Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *id.* at 75 (same principle applies to related Section 1983 claim).

[25]

*Powell v. Murphy*, 593 F. App'x 25, 28 (2d Cir. 2014); *see also Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[C]ontinuing probable cause is a complete defense to a constitutional claim of malicious prosecution.").

[26]

*See Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) ("In order for probable cause to dissipate, the groundless nature of the charge must be made apparent by the discovery of some intervening fact." (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)).

9

employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."[27]  "[I]f plaintiff can demonstrate the elements of abuse of process — including intent to harm and a collateral objective — without relying on any inference from a lack of probable cause, then such a claim can survive even with probable cause."[28]

Here, Waller argues that Klien "took offense to plaintiff reacting to the police interaction" and arrested him in retaliation.[29]  Even if Waller supported this claim with evidence, he would not have established a genuine issue of material fact.  "[T]o state a claim for abuse of criminal process, it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution.  Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution."[30]  Here, Waller does not allege, much less establish with evidence, that Klien aimed to achieve any collateral purpose beyond or in addition to his criminal prosecution.

Accordingly, defendants are entitled to summary judgment on the abuse of process claims.

---

[27]   *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994).  These same elements apply to claims under Section 1983.  *Id.*

[28]   *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 248 (E.D.N.Y. 2011).

[29]   Dkt 42 at 21.

[30]   *Savino*, 331 F.3d at 77.

10

*IV.    Other Claims*

          Defendants argue they are entitled to summary judgment on the Other Claims because (1) there is no evidence that defendants fabricated information, entitling them to judgment on the fair trial claims (Counts XI and XII), (2) there is no evidence that defendants' actions were the result of intentional and purposeful discrimination, entitling them to judgment on the equal protection claims (Counts XIII and XIV), and (3) there was no underlying constitutional violation, entitling them to judgment on the conspiracy, failure to intervene, and municipal liability claims (Counts XV through XIV).  Plaintiff raises no argument to the contrary.[31]  For the reasons set forth by defendants, they are entitled to summary judgment on the Other Claims.

### Conclusion

          For the foregoing reasons, defendants' motion for summary judgment dismissing the complaint (Dkt 34) is granted.

          SO ORDERED.

Dated:      September 10, 2025

                                                    _____
                                                  Lewis A. Kaplan
                                         United States District Judge

---

[31] *See generally* Dkt 42.